United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20872
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MEJILLA-HERNANDEZ, also known as Clovis Andres Reyes,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-169-ALL
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Carlos Mejilla-Hernandez appeals his sentence imposed following his guilty plea to illegal reentry after deportation. He was sentenced to 29 months of imprisonment and three years of supervised release. He argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), his sentence is invalid because the district court applied the sentencing guidelines as if they were mandatory. Because Mejilla-Hernandez did not raise this issue in the district court, we review it only for plain error.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Mares, 402 F.3d 511, 513, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005); United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005).

As Mejilla-Hernandez concedes, he is unable to establish plain error with regard to his Booker claim because he cannot establish that being sentenced under a mandatory guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only. See Mares, 402 F.3d at 520-22; Valenzuela-Quevedo, 407 F.3d at 733-34.

Mejilla-Hernandez also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Shepard v. United States, 125 S. Ct. 1254 (2005). This issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.